Good morning and welcome to the Ninth Circuit Arguments. We are pleased to have Judge John Gibson of the Eighth Circuit sitting with us this week. The first argument will be partially by TV. That's Romo-Anaya v. Gonzales. And thank you, counsel, for undertaking this television argument. Counsel. Yes, Your Honor. Thank you for allowing me to appear telephonically, or excuse me, video conference. That's greatly appreciated. Scott Marks, appearing for the petition on this matter, Mr. Romo-Anaya. I'd like to reserve three minutes for rebuttal, if I could. In this case, Mr. Romo-Anaya, a lawful permanent resident, was order removed for having been convicted of a law relating to a controlled substance. The central issue in this case is whether the government has proven the alleged charges by clear and convincing evidence. And applying the familiar Taylor categorical and modified categorical analysis, it's clear that the government has not proven the charges. In this regard, a petitioner will withdraw his argument with regard to the solicitation and instead focus on the more basic and straightforward issue of whether the government has shown a conviction for a specific drug under the Controlled Substances Act. Pardon me, counsel. This is Judge Bea. I'm missing something. I may be missing something. But why does the government have to prove conviction under the Controlled Substances Act? Under 1227, 8 U.S.C. 1227 A.2.B.1, it reads, any alien who at any time after admission has been convicted of a violation of, or a conspiracy or attempt to violate, any law or regulation of a state. Now, California is a state. 11379A is a violation of the California Health and Safety Code. It relates to drugs. The only issue that I see is, is methamphetamine a drug described under Section 802 paren 6? And I believe it is on Schedule B. So that I think that, although I can see why you want to argue Taylor, I don't see that Taylor is on point. What am I missing? One second, Your Honor. The point is that we don't know that it was methamphetamine that was involved. And that's sort of where I was going with this. Wasn't it in the judgment of, in the abstract of judgment conviction of methamphetamine? Let me take a look. No. In the abstract of judgment, it was not. It was listed in an information. Didn't he plead guilty to the information? Well, we don't know, Your Honor, because they did not, excuse me, the government did not submit the plea agreement or the plea colloquy or the judgment, which they clearly could have done. But wasn't, pardon me, counsel, the information said transportation of methamphetamine. True? So far, I'm right. Yes, it did mention methamphetamine. Number two, the abstract of judgment said a plea was, the conviction was entered by plea. Right? Doesn't that admit the charging allegations? No, it does not. Why? And this Court has recognized and held that an abstract of judgment cannot be used to show the factual basis of the plea. And that's in line with Shepard, Bruno Sanchez, and this Court's recent decision in Stellenberg. And that's because it's a clerical document. It's not a judicial document. And so what it says, you know, is sort of based on what the clerk puts in the document, that it references a charge. Clearly, it does. What charge is that? We don't know. Interesting, in this case, if you look at the abstract of judgment, Your Honor, it says charge 2A. The information doesn't contain a charge 2A. Now, that's why we require that the government produce the actual plea agreement or the plea colloquy, because that plea agreement establishes the factual basis for the plea. And indeed, the plea itself may only be tailored to the generic elements under the statute and not list any drug whatsoever. I have two questions. The first is, one of your positions is that solicitation does not count as a crime in the crime that's at stake, the category that's at stake here, which is a crime involving, what is it, relating to a controlled substance. And how do you get there? You get there, we have some aggravated felony cases saying that it's not, solicitation isn't a drug trafficking crime. And we have a case saying that a generic solicitation crime doesn't count. But why isn't solicitation of a statute specifically relating to a controlled substance, not a statute that comes within this category? Indeed, Your Honor, it is a much closer call. And that is why Petitioner is willing to withdraw that argument. I see. All right. So we certainly have no case law so holding at this point. So to get to the other issue, then, the government pointed out in a 28J letter the other day that there is actually a statute with regard to the immigration laws, which doesn't apply to criminal statutes, that says what kinds of documents work and does mention abstracts of judgments. Now, so I gather your argument is that the abstract of judgment is proof that there was conviction, but it doesn't sell the modified categorical problem of what subcategory. Is that basically your argument? Precisely, yes. It doesn't tell us the factual basis for the plea, for the conviction. We know there was a conviction, and that's about all we know. Okay. And the reason why you're saying that we don't know that it's methamphetamine, why it matters that it's methamphetamine is because California has some controlled substances that are not Federal-controlled substances. Precisely, Your Honor. What are they, by the way? Justice Sotomayor, do you know? You know, my partner listed them out for me. I don't know. I think ecstasy is one of them. Ecstasy. But, again, the reason why you say that the guilty plea, if admissible because Snellenberger doesn't apply to immigration cases, the guilty plea doesn't prove that he was transporting methamphetamine is because the guilty plea refers to a count which does not appear in the information. Is that right? Well, sort of. I mean, that's part of it. But really it comes down to relying on a document which is not in existence, which we don't have in front of us. I mean, if they had the – if the government had submitted the plea, it would be easy to tell exactly what he pled to. No, no, no. We do have a document. We have an information which says that he was transporting methamphetamine. True? That is true, Your Honor. And we have a clerk of a superior court in San Francisco, a person sworn to uphold the Constitution, who reflects in her business records that this man pleaded guilty to an information which said that he was transporting methamphetamine. But your point is that all it shows is a guilty plea to a count which doesn't exist in the information and therefore is not proof of what he pleaded guilty to. Is that your argument? Partly. Again, Your Honor, the – I mean, the abstract judgment can't be shown – can't be used in that manner. It simply cannot, under Shepard, show what – it can show the generic statute. And we know there's a conviction, but we can't tell what else. But what if we don't – He may have pled to something else. What if we – but we're only concerned in the generic Taylor analysis if we're talking about an aggravated felony under 43B or 43F or 43R, which is a different statute. Here we have 1227B1, which says if you've been convicted of a state offense. It doesn't have to be convicted of a federal offense. But that's – Sorry, Your Honor. Go ahead. Go ahead. You go ahead. Well, if it's not – if it's a – if it's a – not a controlled substance under the Controlled Substances Act. Then there's no conviction. But methamphetamine is a controlled substance, but it is not a drug trafficking crime. Right? That's a difference. No, Your Honor. We don't know whether methamphetamine was the drug involved. We don't have the plain crime. Sir, I'm now looking at the information that's in the record. And at least in my version, and I don't know why, but at the bottom, there is a little handwritten A under enhancements. Does that mean anything? Could that be 2A? It could be, Your Honor, but we're left to guess, and Shepard tells us not to guess. Do we know what that A – was that A on the record or some – as it was submitted as – into the record? You know, I don't know, Your Honor. I mean, I was involved in the case below, but – So we don't know what actually appeared in the exhibit as it was introduced? Or whether somebody – I'm going to assume that this is an accurate reproduction of what was produced. I don't know for sure. And that's sort of the problem. It could have just submitted the plea agreement, and we wouldn't be here. You do agree that under the Federal law, I think it's Part B of Section 812, methamphetamine is listed under Schedule III, Part A, subsection 2? Yeah. I concede that, Your Honor. Absolutely. Okay. Well, you're out of time, so thank you very much for your argument. Thank you, Your Honor. Thank you. Good morning. May it please the Court. Wendy Ben-Erleon on behalf of the government. We ask that the Court dismiss the petition because we do feel that the agency proved with clear and convincing evidence that the Petitioner was convicted of an offense relating to a controlled substance. I do want to address the 2A issue, which was what I was going to point out. So I have a document here, which is a little bizarre, because there is some handwritten material in the left margin that I cannot read. I don't know what that is. Then there's this handwritten little A. Yes. And I can't tell either what's in the left margin or why. It's a capital A. But I don't know how it got there or whether it was there at the time the exhibit was introduced or what. The record doesn't explain it. I mean, we're referring to the page. Does your copy show what's in the left-hand margin? I myself was looking at that and thought that they were letter Fs for felony, but I cannot say for certain. I see. Yes, that seems right. But we're dealing with, in the record, 169 for the abstract and page 171 for the information. And it does show in the abstract that he pled guilty. It does say 2A, which the way I understand it is count to with the A enhancement part, which there's an A put down with enhancement that goes on to further specify what he was involved in during possessing and selling a certain number of grams of methamphetamine. And to my understanding, that is what he pled to. He pled not only to the count but also to the enhancement. To the enhancement. And I believe that the opposing counsel is trying to make the point that you can't use an abstract in this manner, but what the abstract does is point to the charge that the person has pled to. If this information did not list methamphetamine but just generally recited statute and just said that he offended, did one of the acts with a controlled substance and did not specify what controlled substance it would be, then, yes, the abstract and the information would not provide the information needed to determine what he pled to. But in this case ---- But more generally, your position is or is it not that Snellenberger doesn't apply to the ---- Yes. For several reasons. This is an immigration case, and there are ---- Congress treats those slightly different in terms of determining what a conviction is and what documents can be used to prove a conviction. Well, but, I mean, it does say that an abstract objection can be used to prove that there was a conviction. Yes. But that isn't really the point of Snellenberger. The point of it is that it can't really be used to show what subcategory it's being used for. And that seems to be a fair statement in the sense ---- which doesn't necessarily apply to this case because of the 2A thing. But often, if you're just looking at what ---- if we didn't have the indictment and we only had the sale or transport, it seems to me that what Snellenberger says would be true and wouldn't be contradicted by the statute, which is we couldn't tell what he was really convicted for. It's just some clerk's shorthand. But here we do have the information, and that may be different. Yes. I think the problem in Snellenberger, which does not ---- again, it's not ---- it wouldn't change the ruling in this case, was that the abstract showed he pled to the statute. It didn't refer back to the information. And, in fact, in Snellenberger, if you note at the very end of the decision ---- well, actually, it would be under the footnote 4 of it. They were pointing out that if Snellenberger had pled guilty to this charge, because the information did contain ---- it did limit the factual allegations of the charge to a dwelling. And they said if Snellenberger had pled guilty to this charge, he would necessarily have admitted burglary of a dwelling, which would have fallen under the sentencing enhancement provision. But in this case, instead of pleading guilty to the charge, the abstract ---- well, in this case, it was a minute order ---- indicated he pled to 459 penal code, which is much broader than what the information ---- That's not all the abstract showed in Snellenberger. In Snellenberger, the abstract just before he pleaded guilty to 459 for his degree also shows that he withdrew his not guilty plea to count one. And that's ---- Okay. So there's other ---- There was no not guilty plea. That allowed the judge to make a finding that count one was proved. Correct. On a no low plea. And this is consistent actually in some ways with the other abstract cases. Let me ask you a question. Sure. You attach to your 28J letter the case of Rodriguez Uribe v. Gonzalez. Yes. I've been reading it up here just briefly, but it seems to be on all four. Yes. That's why I submitted it. Because I believe the abstract ---- if the abstract refers to a specific charge and the charge in the information states the substance that was used, then you can show what they were convicted of. And therefore, you know it was a substance under the Controlled Substance Act. In all of the cases where there was the abstract was problematic, the Navidad case and the Ruiz-Vidal case, in each of those cases, the abstract ---- well, in Navidad, there were three ---- the only documents they submitted was an information and an abstract. The information had three charges, one of which was the same charges in this case under California Health and Safety Code 11379A. And the abstract indicated he pled guilty to count one. And in that case, now, that was a one where they were seeking sentence enhancement and trying to decide if he fit under the drug trafficking offense. And the problem with that case was that it had to be more ---- it had to at least be a broad case as opposed to some of the other elements that 11379 contains. So in that case, in other words, 11379 is broader than the drug trafficking offense for sentence enhancement. So when they looked at the information, it didn't ---- it was just stating the generic 11379A statute, all the components. And the abstract cannot assist in that manner to say, well, he was actually only pleading guilty to the trafficking or the transporting or sale. So that case is, again, just showing if the information is specific and the abstract shows ----  But Snellenberger does seem to have a generic statement, that you can't rely on an abstract of judgment and even as in that case where there was also information, right? So what do we do with that? Well, it's being reconsidered. It's being hopefully reconsidered. Well, it isn't being reconsidered. There's a pending motion for ---- Yes. Yes. But this is my specific question. If Snellenberger is not altered either by the panel or en banc, aren't we bound by it or doesn't it apply here? Why doesn't it apply here? Because it did not ---- because I think it's distinguishable, again, because it does not ---- you cannot tell between the abstract and the information. But that isn't what it said. The case doesn't say that. It says we are holding that an abstract of judgment is not sufficient for proving what subcategory was ---- person was convicted of in a modified categorical approach. And it says that in the context of there being an in-charging document in the record as well, right? Yes. But I don't think the abstract in that case matched it up to what he pled to. It just said he pled to a statute as opposed to which charge. I might be misunderstanding the case. Yes, but what I'm saying is that isn't what Snellenberger said. It didn't say it was for that reason. It said we hold that the abstract of ---- an abstract of judgment is not good enough. That's what they held, right? Yes. And so unless you can ---- and you made a suggestion, which I thought was interesting in your papers, but I'm not sure I'm ultimately persuaded by, that because of the statute that applies in immigration cases, perhaps there's a difference. But that statute, it seems to me, just says that an abstract of judgment could be evidence of a conviction, which Snellenberger also says. So I don't know how that helps. I mean, I suppose you could say that the abstract is not really being used for the modified approach. What you are looking to is the information in the modified approach. I mean, the abstract you can use to determine at the categorical stage that this conviction, this person was convicted for this offense. So they could say he was convicted for this offense, which was a broad statute. The information gets pulled into that at the modified stage and can narrow it down. Now, I ---- So you're telling us that there's a Federal statute under the Immigration Act that says that we can use abstracts of judgment to prove a conviction contrary to what we've just held in Snellenberger? Well, I think Snellenberger itself says that that's what its purpose is. They say we're not saying you cannot use abstract to prove the conviction. Pardon me. Let me rephrase my question. What statute do you point to that specifically says that abstracts of judgment can be used to prove prior convictions under the Immigration Act? Well, the 8 U.S.C. What is it? It is 1229, the 8, the one that talks about the documents that can be used to prove a conviction. 1229A3B, proof of convictions. Any proceeding under this chapter, any of the following documents or records shall constitute proof of a criminal conviction, an abstract of a record of conviction prepared by the court in which the conviction was entered. That's what you're allying with. Yes. And as I was saying also, you know, the Ruiz decision, that was a case where the information had two counts and ---- But that's an unpublished decision, not by the precedent. Ruiz v. Duval. Also before Snellenberger, right? Ruiz v. Duval. I'm sorry? The Ruiz v. Duval decision. That's not the one I'm ---- The one that you submitted with the 28J later. Oh, no, no, no. I'm not referring to that. I was referring to another one that where an abstract was a problem. But again, it was a situation where the person pled guilty to an entirely different under ---- to an entirely different offense under a different statute, and it was an offense that was not listed in the information. Okay. Thank you very much for your argument. So thank you for your time. And the State or, excuse me, the government would ask that the petition be dismissed for lack of jurisdiction. Thank you. Okay. Thank you, Your Honors. Thank you, Your Honors. Thank you. That's honest. And the case of Roma Anaya v. Gonzales is submitted, and we will go on to Buchanan v. Farwell.
judges: Berzon, Bea, Gibson